DOWNEY, Judge.
Appellant was charged and convicted in Count I of DWI manslaughter in violation of section 316.1931(2), Florida Statutes; in Count II with vehicular homicide in violation of section 782.071, Florida Statutes; and in Count III with leaving the scene of an accident in violation of section 316.-027(1)(2), Florida Statutes. All of the charges arose out of the death of one person on November 5, 1983.
Three points are raised on appeal, only one of which warrants comment. In his third point, appellant contends that the trial court erred in entering judgment and sentence on both Counts I and II, i.e., the DWI manslaughter and vehicular homicide, since both involved the death of a single person.
We now have the benefit of the Florida Supreme Court’s decision in Houser v. State, 474 So.2d 1193 (Fla.1985), wherein the court held that a defendant may not be sentenced for both DWI manslaughter and vehicular homicide for effecting a single death.
Accordingly, to the extent that the judgment and sentence conflict with the supreme court decision in Houser, we remand the cause for appropriate action. In all other respects, the judgment and sentence are affirmed.
HURLEY, J„ and RIVKIND, LEONARD, Associate Judge, concur.